UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

IN RE:

MIRENA IUD PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

------------------------------------------------------------------------x

ORDER NO. __

13-MD-2434 (CS)(LMS)

### AGREED ORDER REGARDING PROPER PARTY-DEFENDANT AND ABBREVIATED SERVICE PROCEDURES FOR SERVICE UPON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.

Seibel, J.

**I.    Scope of Order**

This Order applies to claims brought by a U.S. citizen or resident based on usage or purchase of Mirena® ("Mirena") in which the claimed injury allegedly resulted from the perforation, embedment, or migration of the Mirena and (i) currently are pending in MDL No. 2434 or (ii) will be filed in, removed to or transferred to this Court.

**II.    Proper Party-Defendant Stipulation**

A.    Some plaintiffs have named the following U.S. defendants in lawsuits involving Mirena:  Bayer Corporation; Bayer HealthCare, LLC; Bayer Pharmaceuticals Corporation; Bayer HealthCare Pharmaceuticals Inc.; Berlex Laboratories, Inc.; and Berlex, Inc. ("Bayer/Berlex entities").

B.    Bayer HealthCare Pharmaceuticals Inc. admits that on April 4, 2007, as part of a corporate acquisition, the name of Berlex, Inc. was changed to Bayer HealthCare Pharmaceuticals, Inc.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: *7-17-13*

5669456 v1

C.      Bayer HealthCare Pharmaceuticals Inc., admits that at certain times it designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed Mirena in the U.S.

D.      Bayer HealthCare Pharmaceuticals Inc. is the proper party in lawsuits involving Mirena inserted in the United States. Its principal place of business is in New Jersey.

E.      Accordingly, to the extent that a plaintiff recovers a judgment in a lawsuit for injuries allegedly caused by Mirena, Bayer HealthCare Pharmaceuticals Inc. stipulates that it is the proper party to the lawsuit and it will not raise any defenses that any of the Bayer/Berlex entities named above or any other Bayer/Berlex entity(ies) with a principal place of business in the United States are/were the proper party to the lawsuit.

F.      The Bayer/Berlex entities named above agree that, should documents, materials or witnesses concerning Mirena be in its possession, custody or control, these will be subject to production and/or examination as if they were in the possession, custody or control of Bayer HealthCare Pharmaceuticals Inc. and that such production will be obtained and made by Bayer HealthCare Pharmaceuticals Inc.

G.      In the unlikely event that a plaintiff needs to later add one of the Bayer/Berlex entities named above other than Bayer HealthCare Pharmaceuticals Inc. into a Mirena lawsuit, the Bayer/Berlex entities named above will waive any statute of limitations defenses based upon the expiration of time after the filing of the original lawsuit. Of course, they will reserve any limitations defenses they may have had at the time of the original filing.

H.      In exchange for this stipulation, plaintiffs agree to voluntarily dismiss all Bayer/Berlex entities named above other than Bayer HealthCare Pharmaceuticals Inc. in all cases filed prior to this Order and subject to this Court's jurisdiction. All stipulations of dismissal are without prejudice and without costs to any party.

I.        In addition, plaintiffs subject to the jurisdiction of this Court will not sue any of the Bayer/Berlex entities named above other than Bayer HealthCare Pharmaceuticals Inc. in future cases regarding Mirena in MDL 2434 and will not seek default judgment against any Bayer/Berlex entity named above other than Bayer HealthCare Pharmaceuticals Inc. for failure to answer a Mirena related lawsuit.

### III. Service of Process

A.        Defendant Bayer HealthCare Pharmaceuticals Inc. agrees to waive formal service of summons on it pursuant to Federal Rule of Civil Procedure 4 and to accept service of process on it pursuant to the terms of this Order in Mirena cases that are properly commenced in, removed to, or transferred to this MDL.  Bayer HealthCare Pharmaceuticals Inc. invokes all benefits provided by Federal Rule of Civil Procedure 4 to defendants who waive service of a summons.   Bayer HealthCare Pharmaceuticals Inc. does not intend nor does it waive any defenses available to it by waiving service of process.

B.        These procedures for informal service of process are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied.  All deadlines set forth in Part III of this Order run from the date on which remand is denied.

C.        Further, these procedures are only available in those cases where the claimed injury allegedly resulted from the perforation, embedment, or migration of Mirena.

D.        Plaintiffs whose Complaints are not subject to III.B and meet the requirements of III.C who choose not to serve Bayer HealthCare Pharmaceuticals Inc. through original process shall have sixty (60) days after the date a case is docketed in any United States District Court to serve the Complaint together with a Summons by Certified Mail, Return Receipt Requested, upon the following representative of Bayer HealthCare Pharmaceuticals Inc.:

> SOP Department
> Corporation Service Company
> Suite 400
> 2711 Centerville Road
> Wilmington, DE 19808

E.      Plaintiffs who have already filed Complaints that are not subject to III.B, meet the requirements of III.C, and chose not to serve Bayer HealthCare Pharmaceuticals Inc. through original process shall have sixty (60) days from the date of this Order to serve the Complaint together with a Summons as follows by Certified Mail, Return Receipt Requested, upon the following representative of Bayer HealthCare Pharmaceuticals Inc.:

> SOP Department
> Corporation Service Company
> Suite 400
> 2711 Centerville Road
> Wilmington, DE 19808

F.      Service will be effective only if addressed as above.   General mailing to Bayer HealthCare Pharmaceuticals Inc. or use of other methods of transmission, including but not limited to Federal Express or e-mail, will not be sufficient to effect service.  Service will be effective as of the date Bayer HealthCare Pharmaceuticals Inc.'s representative identified in III.D and III.E receives the certified mail.

G.      In exchange for this less formal service agreement, plaintiffs agree to extend Bayer HealthCare Pharmaceuticals Inc.'s responsive pleading deadline by ten (10) business days.  Other than those based on formal service of process, Bayer HealthCare Pharmaceuticals Inc. reserves all other rights and defenses available to it under federal or state law and under applicable treaties and conventions.

H.     Prior to moving to dismiss a case for a defect in service under Parts III.D and III.E, Bayer HealthCare Pharmaceuticals Inc. shall serve notice of the defect on plaintiff's counsel and provide 30 (thirty) days for plaintiff to cure the defect.

**SO ORDERED.**

Dated: July 15, 2013

   White Plains, New York

               _____

               **CATHY SEIBEL**
               **UNITED STATES DISTRICT JUDGE**



**BLEAKLEY PLATT**

NEW YORK    CONNECTICUT

WILLIAM P. HARRINGTON
914.287.6104
WPHARRINGTON@BPSLAW.COM

BLEAKLEY PLATT & SCHMIDT, LLP

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
914.949.2700
FAX: 914.683.6956
BPSLAW.COM

July 12, 2013

**Via email**
wpclerk@nysd.uscourts.gov

Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and
United States Courthouse
300 Quarropas Street, Room 275
White Plains, NY 10601

      Re:    *In Re: Mirena IUD Products Liability Litigation*
               13-MD-2434 (CS)

Dear Judge Seibel:

      Enclosed is a proposed Agreed Proper Party and Service Order which has been negotiated and agreed to by the parties.

      All parties respectfully request that you execute and enter same. Please advise if you have any questions or require additional information.

                    Respectfully submitted,

                    WILLIAM P. HARRINGTON

WPH:sl
Encl.

cc:    All Counsel via Email (w/ Enclosure)
       Fred Thompson, III
       James A. Ronca
       Matthew McCauley
       Diogenes P. Kekatos
       Shayna S. Cook
       Marie S. Woodbury
       James Shepherd
       Brian O'Donoghue
       Michael Elliott