# Goldman Ismail Tomaselli Brennan & Baum llp

Phone conference to be held on 11/2/16 at 11:30 am.  Plaintiffs' leadership is to state Plaintiffs' position, by letter of no more than 3 pages, by 10/31/16.  Ms. Cook should confer with Plaintiff's leadership and advise the Court regarding whether we should use the call-in system or, if there will only be a few lawyers participating, whether the Court should call Ms. Cook who can then patch in Plaintiffs' counsel.  Because it will be a phone conference on the record, there be no more than two, and preferably one, lawyer speaking for each side.

WRITER'S DIRECT DIAL
312.881.5947
scook@goldmanismail.com

October 20, 2016

**BY EMAIL AND ECF**

Honorable Cathy Seibel
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr. Federal
    Building and United States Courthouse
300 Quarropas Street
White Plains, NY  10601-4150

SO ORDERED.

CATHY SEIBEL, U.S.D.J.

October 27, 2016

The Clerk of Court is respectfully directed to docket this endorsement in 13-MD-2434 and 13-MC-2434.

*In re Mirena IUD Products Liability Litigation,* **13-MD-2434, 13-MC-2434**

Dear Judge Seibel:

    Defendants submit this letter to respectfully request that the Court request that the Judicial Panel on Multidistrict Litigation's ("JPML") reopen the Mirena MDL and/or schedule a conference to allow the parties the opportunity to be heard on this issue.

    On August 9, 2016, the JPML closed this MDL per a docket entry.  Since the MDL's closure, additional cases have been filed in federal district courts around the country that would be appropriate for transfer to this MDL.  Defendants anticipate that additional cases will be filed in or removed to federal court during the adjudication of Plaintiffs' appeal to the Second Circuit.

    Reopening the MDL and allowing newly filed cases to be transferred here best serves the purposes of Section 1407 and the principles underlying Fed. R. Civ. P. 1.  Otherwise, the parties and the various federal courts will have to begin expending resources litigating these new cases.  In addition, regardless of the outcome of the appeal, this Court will have additional business related to the MDL, whether the Court's summary judgment order is affirmed, in which case the Court will need to adjudicate the Bill of Costs, or whether it is reversed and remanded.  For these reasons, other MDLs have remained open while similar omnibus appeals are pending.  For example, the Incretin MDL in the Southern District of California remains open for the purposes of handling new claims while an appeal of an omnibus preemption summary judgment order is pending.  *See* Exhibit 1 (stating that the MDL "remains administratively open for the purposes of maintaining new claims during appeal").  The Zoloft MDL in the Eastern District of Pennsylvania, where the MDL Court's order granting omnibus summary judgment for lack of admissible expert testimony of causation is on appeal in the Third Circuit, also

564 W. RANDOLPH · SUITE 400
CHICAGO ILLINOIS 60661
312.681-6000 · 312.881.5191  FAX

3131 TURTLE CREEK · SUITE 1210
DALLAS TEXAS 75219
214.880.9900 · 214.880.9901 FAX

429 SANTA MONICA BOULEVARD · SUITE 710
SANTA MONICA CALIFORNIA 90401
310.576.6900 · 310.382.9974 FAX

w w w . g o l d m a n i s m a i l . c o m

October 20, 2016
*In re Mirena IUD Products Liability Litigation*, No. 13-MD-2434 (CS) (LMS)
Page 2

remains open.  *See* Exhibit 2.  Indeed, it is typical for an MDL to remain open until all MDL matters have been adjudicated.[1]

      Simply because an MDL remains open during the pendency of an appeal does not mean the newly transferred cases must be actively adjudicated in the MDL, or even that they must remain on the Court's docket at all.  For example, in the Fosamax MDL in the District of New Jersey, where an appeal is pending on a preemption summary judgment ruling, the MDL remains open, and the Court has entered a Case Management Order providing for the conditional dismissal without prejudice of newly transferred cases until the appeal is decided.  *See* Exhibit 4.  In the Accutane MDL, after granting Defendants' summary judgment motion in light of the *Daubert* order, the Court then stayed the remaining cases in the MDL not subject to the motion and simply asked that the parties provide periodic status reports on the pending appeal.  *See* Exhibit 5.

      Defendants have conferred with Plaintiffs' Lead Counsel about their request to re-open the MDL and a proposed CMO similar to that in the Fosamax MDL but have been unable to reach agreement on this issue.

Respectfully submitted,

*/s/ Shayna S. Cook*
Shayna S. Cook
*Lead Counsel for Defendants*
*Bayer HealthCare Pharmaceuticals Inc., Bayer OY, and Bayer Pharma AG*

CC (via email):
Counsel for Plaintiffs Diogenes P. Kekatos, Fred Thompson, James R. Ronca, Michael Johnson;
Counsel for Bayer James Shepherd and William Harrington

---

[1] *See MDL Standards and Best Practices*, DUKE LAW CENTER FOR JUDICIAL STUDIES (Sept. 11, 2014), at 93 ("Usually, a MDL remains open long after significant action in it has been completed.  This is because there is almost always clean-up that needs to be done.  If there is doubt about whether there is activity that remains to be completed in the MDL, or whether the transferee court can continue to add value, it will usually be the best practice to keep the MDL proceedings open."), https://law.duke.edu/sites/default/files/centers/judicialstudies/MDL_Standards_and_Best_Practices_2014-REVISED.pdf (attached hereto as Exhibit 3).